## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE J. MERA,<br>    8 Granite Place, Unit 463<br>    Gaithersburg, Maryland 20878 ,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM P. BARR,<br>    Attorney General,<br>    U.S. Department of Justice<br>    950 Pennsylvania Avenue, N.W.<br>    Washington, DC  20530-0001,<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT
### (Employment Discrimination and Retaliation)

### Introduction

1.    Plaintiff Katherine J. Mera brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*, and 42 U.S.C. § 1981a, the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the Civil Service Reform Act, 5 U.S.C. § 7702, to remedy acts of discrimination in employment practices, and unlawful personnel practices, by the U.S. Department of Justice based on her race (non-African American) and national origin (Hispanic - Peruvian-American), her disabilities, and in retaliation for her engaging in protected EEO activities.

### Exhaustion of Administrative Remedies

2.    Plaintiff has initiated several administrative claims of discrimination, the claims contained in two of which are joined in this civil action.  The earliest such administrative complaint

involved disability discrimination and was seemingly resolved in June 2018, but ultimately resulted in plaintiff having to enforce the terms of that resolution during a  mediation on October 10, 2018, which required defendant to accommodate her disabilities which were incurred in the course of Ms. Mera's military service.  The second administrative EEO complaint lodged by plaintiff has been denominated as Agency Docket No. OBD-2019-00781 by the U.S. Department of Justice EEO office, and in this formal EEO complaint, Ms. Mera alleges that she has been mistreated by her two African American supervisors (Darlene Johnson and Nadine Neufville) since February 2019 when she successfully forced them to abide by the terms of the October 10, 2018 negotiated settlement of her earlier disability discrimination claims (regarding reasonable accommodations that she is to be accorded).  Included in this formal EEO administrative complaint is harassment and disparate treatment, unfair negative performance evaluation, placement on a performance improvement plan ("PIP"), and a proposal to removal her from her position and from the federal service, and it is still pending before the Department of Justice.  However, just after Ms. Mera  received the report of investigation ("ROI") on this pending administration EEO complaint (Agency Docket No. OBD-2019-00781) , she was advised that the U.S. Department of Justice had decided to remove her from my position (Grant Program Specialist. GS-0301-13 / Step 7) in the Office of Violence Against Women ("OVW") of Justice Management Division ("JMD"), as threatened earlier on alleged failure of performance grounds.  Because an ROI on her complaint concerning mistreatment, including the proposal to remove (Agency Docket No. OBD-2019-00781), had been issued, Ms. Mera was required to file a separate formal EEO complaint – a mixed case complaint – concerning the actual termination of her employment and removal from the federal service.  This she did on April 1, 2020, and it was designated as Agency Docket No. 2020-01054.  Therein she simply claimed that OVW

management's termination of her employment is a continuation of the discrimination / retaliation complained of in her earlier, still-pending EEO complaint (*i.e.*, Agency No. OBD-2019-00781). That latest formal mixed case EEO complaint is still pending, though on June 19, 2020, DOJ's EEO Staff issued a preliminary ROI to Ms. Mera and DOJ's OVW for comment, with a promise to issue a final formal ROI shortly.  Thereafter, DOJ's EEO Staff pledged to issue a consolidated Final Agency Decision ("FAD") with respect to both Agency No. OBD-2019-00781 and Agency Docket No. 2020-01054, which it must do by July 29, 2020, to be within the allotted 120 days from the filing of a formal mixed case EEO administrative complaint (the earlier pending formal EEO complaint – Agency No. OBD-2019-00781 – having pending already for more that 180 days).  As there has been no FAD issued regarding the claims contained in Agency Docket No. 2020-01054 as yet, and as the filing of this Complaint with the U.S. District Court is occurring after July 29, 2020, Ms. Mera has exhausted her administrative remedies under the statute sufficient to provide this Court with subject matter jurisdiction on such claims (the 180 day period having long since run on the claims contained in Agency Docket No. OBD-2019-00781, and 120 day period having run on July 30, 2020 on the mixed-case claim in Agency Docket No. 2020-01054, thereby vesting subject matter jurisdiction under the applicable statutes in the Court on all the claims).

## Jurisdiction

3.     This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16(c), the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the Civil Service Reform Act, 5 U.S.C. § 7702, plaintiff having exhausted her available administrative remedies.

## Venue

4.      Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), venue is proper in this judicial district as plaintiff was employed by the U.S. Department of Justice in the District of Columbia, which is where the acts of discrimination complained of took place, and where plaintiff's personnel records are maintained by defendant.

## Parties

5.      Plaintiff Katherine Mera is a white female of Hispanic decent (and Peruvian national origin) who is a citizen of the United States and of the State of Maryland.  She is a 100 percent disabled veteran of the United States Army and was employed with the U.S. Department of Justice continuously from June 1997 (her civil service  entry on duty date being set in October 1996 due to her prior military service) until she was terminated and removed from her position and from the federal service effective March 25, 2020 for an inability to perform her job.  She timely applied for and have just been approved to receive a discontinued service annuity under the Federal Employees Retirement System ("FERS").

6.      Defendant is William P. Barr is the Attorney General of the United States, and as such is the head of the U.S. Department of Justice ("DOJ"), a department within the Executive Branch of the government of the United States that has employed more than 500 persons in each of the last 20 weeks.  He is here sued in his official capacity only.

## Statement of Facts

7.      Plaintiff is a 53 year old white woman of Hispanic descent (Peruvian ancestry)  who was employed with the Department of Justice from June of 1997 (though her entry of duty date was back dated to October 1996 due to her military service) until the date of her termination from her

position and removal from the federal service effective March 25, 2020.  She was initially hired by DOJ under a special program for the employment of disabled veterans.  While she started her DOJ employment as a GS-0801-5 in the position of Special Assistant to the Director of the Office of State and Local Domestic Preparedness Support, she had been a GS-0301-13 as a Grant Program Specialist in DOJ's Office on Violence Against Women ("OVW") in the Justice Management Division ("JMD") for the last six-plus years of her employment.

8.      Since serving as a Grant Program Specialist in the OVW, and until the annual performance appraisal for 2017-2018, plaintiff's work had been rated as "Fully Successful" or higher in all critical performance work elements, and she received these consistently satisfactory or better performance ratings while she was serving under a variety of supervisors.

9.      The event which drove Ms. Mera to invoke the EEO process by consulting the DOJ's EEO Staff – and which led to her filing the formal administrative discrimination complaint the claims of which are contained in this civil action – was the receipt of her annual performance appraisal for the period November 1, 2017 to September 30, 2018.  In that appraisal, Ms. Mera's then current management rated her as "Unacceptable" in each of her critical performance work elements.  She received this annual performance evaluation on May 23, 2019, which she noted was  six months past due by that date.

10.      In fact, Ms. Mera's difficulties – and the facts supporting this discrimination / retaliation complaint – began  when, on October 5, 2018, she successfully forced her then-current management to correct what she believed to be a breach of a mediation-forged June 2018 settlement agreement which resolved an earlier disability discrimination claim she had initiated seeking accommodation of the disabilities Ms. Mera had incurred during her military service.  Since that

October 5, 2018 event, she was made to suffer a series of hurtful oppressions by her immediate management, culminating in the May 23, 2019, with her receipt of the "Unacceptable" annual performance evaluation.  Once Ms. Mera received that appraisal, she concluded that she was suffering from a pattern of conduct on the part of her management that stemmed directly from her having forced her superiors to adhere to the terms of the negotiated settlement agreement of her prior disability discrimination claim.  This pattern of earlier hurtful oppressions included:

•      being refused a transfer to another supervisor in February 2019;

•      being orally (and falsely) accused of not working proper hours in April 2019;

•      her supervisor, Darlene Johnson, failing to respond to her October 12, 2018 request to end the micro-management of her work by Team Lead Latinisha Lewis;

•      her management preventing her from obtaining a temporary detail to a Grant Program Specialist job in the Tribal Unit of the Office on Violence Against Women ("OVW") – a six-week detail opened due to the incumbent's participation in the Leadership Employment Advancement Program ("LEAP") and thus having to leave work to attend schooling for some six weeks – which vacancy was announced via email to those in OVW – for which Ms. Mera had  expressed interest in an email to the Team Lead in the Tribal Unit on November 8, 2018;

•      subjecting Ms. Mera to undue criticism of her work – expressed without any prior indication of disapproval – by her immediate supervisor, Darlene Johnson, during a Skype midterm review on November 20, 2018 – which criticism was in work areas that in the past plaintiff had received successful evaluations from her predecessor supervisors as well as from Ms. Johnson herself;

- in response to her December 11, 2018 email requesting a meeting to discuss a transfer to another unit – which had been originally discussed with Nadine Neufville, plaintiff's second-level supervisor – Katharine Sullivan, Acting Director of OVW, stated that there were no positions available for transfer, although Ms. Neufville had indicated earlier that there were two such positions; and later, on February 14, 2019, Ms. Neufville denied Ms. Mera's request for transfer on grounds of personality – not on grounds that there were no available positions;

- via email on January 31, 2019, Nadine Neufville falsely accused plaintiff of not participating in a Division meeting via telephone, and never retracted the allegation even when Ms. Mera demonstrated that it was untrue;

- also on January 31, 2019, in a Unit meeting, Darlene Johnson, plaintiff's immediate supervisor, cursed at her, singled her out for verbal criticism, directed profanity toward her, and generally attempted to bully her, all in front of plaintiff's colleagues, and though the abusive behavior was reported to plaintiff's second-level supervisor, Nadine Neufville, nothing was done about Ms. Johnson's abusive conduct – conduct that was witnessed by the entire Unit staff and even confirmed by one staff member to the Legal Counsel of OVW; and

- on April 4, 2019, Darlene Johnson falsely accused Ms. Mera of failing to work her scheduled hours, and never retracted that accusation even after plaintiff showed that it was false.

11.    All of the incidents specified in paragraph 10 above led up to Ms. Mera's being presented with the "Unacceptable" annual performance evaluation by her management – *i.e.*, her immediate supervisor, Darlene Johnson, Associate Director of OVW, and her second-line supervisor, Nadine Neufville, Acting Director of OVW, on May 23, 2019.  It was this event – the Unacceptable

performance evaluation received on May 23, 2019 – that caused plaintiff to initiate the first EEO administrative complaint process that ultimately led to the filing of the instant civil action, and it also caused Ms. Mera to conclude that all the above-specified incidents are a part of a discriminatory / retaliatory campaign by Ms. Johnson and Ms. Neufville, a campaign that led to their issuing the "Unacceptable" annual appraisal for 2017-2018, and plaintiff being placed on a 60-day Performance Improvement Plan (PIP) on August 13, 2019, and ultimately culminated in her being proposed for removal from her position and from the federal service for "unacceptable performance" on November 21, 2019, and actually being terminated effective March 25, 2020.

12. Plaintiff contends that this series of actions by her management were motivated by unlawful retaliation for her successfully having forced those managers to adhere to the terms of the negotiated settlement of her earlier disability discrimination complaint. Her conclusion that management's actions were based on retaliatory motives are based on four basic factors:

(a) plaintiff not only successfully obtained a settlement of her earlier EEO claim in June of 2018, she then forced management to adhere to the terms of that settlement, an action that was plainly accomplished on October 5, 2018 with a mediation agreement;

(b) it was immediately after that October 5, 2018 date when the campaign of harassment and abuse commenced against plaintiff (see itemized acts in paragraph 10 above), followed by her receipt of the "Unacceptable" annual rating on May 23, 2019 (and the subsequent performance improvement plan ("PIP"));

(c) it was Nadine Neufville and her immediate subordinate, Darlene Johnson, who engaged in the oppressive, harassing and abusive conduct toward plaintiff in the

wake of her October 2018 success in forcing them to comply with the earlier settlement agreement's terms; and

(d)     while the OVW – a part of the Department of Justice within its Justice Management Division – was as the organization arguably adversely affected by plaintiff's success on October 5, 2018, in enforcing the terms of the June 2018 settlement agreement, it was really plaintiff's immediate management – *i.e.*, her immediate supervisor, Darlene Johnson, Associate Director of OVW, and her second-line supervisor, Nadine Neufville, Acting Director of OVW – who were in effect caught violating the terms of the June settlement agreement and brought up short, and no doubt embarrassed, when on October 5, 2018, the agency had to concede that they had violated the terms of the June 2018 settlement agreement and were forced to adhere to those terms.

13.     Taken together, these four factors demonstrate that the remarkably swift and dramatic change in the treatment accorded plaintiff in the wake of her EEO success on October 5, 2018, and the consistently negative way she was treated thereafter – up to and including the "Unacceptable" annual appraisal provided to me on May 23, 2019 – and the follow-on PIP on August 13, 2019 – which treatment differs dramatically in tone and content with the same managers' rating of her, and treatment of her in past years (and the ratings she received from prior supervisors in the same job in years past) – that the abusive and oppressive treatment that followed on the heals of the events of October 5, 2018, were taken in retaliation for plaintiff having succeeded in obtaining a settlement of her earlier EEO claims, and, more to the point, in forcing her immediate management to adhere to the terms of that settlement.  Indeed, these factors, coupled with the "temporal proximity" of the

triggering event – plaintiff's October 5, 2018, success in forcing management to abide by the terms of the June 2018 settlement agreement – and the initiation of the campaign against her by her immediate management, so different from the treatment accorded her by management previously – make a compelling case of actionable reprisal under the employment discrimination law.  On this basis, plaintiff contends that unlawful retaliation for success in her last EEO case was a motivation for the mistreatment she was forced to endure at the hands of her current management, including the termination of employment with DOJ, and from the federal service entirely, in March of 2020.

14.     With the surprising receipt of the six-months-late "Unacceptable" performance rating on May 23, 2019 – a rating so at odds with the satisfactory ratings she had obtained for years in the same position – plaintiff also contends that racial and disability discrimination are an additional motivation behind the ill treatment she had been forced to endure at the hands of her immediate management, including her ultimate removal from her position with DOJ and from the federal service in March 2020.  This is based on the fact that all of those engaged in abusing and harassing her by taking the complained of actions, including proposing her termination – both Darlene Johnson and Nadine Neufville, as well as the Team Lead whose "micro-management" plaintiff complained of in mid October 2018, Latinisha Lewis – are African Americans, while Ms. Mera is a white Hispanic.  Moreover, knowing these managers, and being familiar with what goes on in OVW for some time, plaintiff contends that she would not have been subjected to the abusive mistreatment she has been made to endure since October 5, 2018 – including her being terminated from her position and from the federal service in March 2020 – if she had been an African American like her abusers , or even if she had been other than of Hispanic decent.  Indeed, there are no African

American employees in OVW who have been subjected to the treatment Ms. Mera has been forced to endure since October 5, 2018.

**Statement of Claims**

**Claim I - <u>Race, National Origin and/or Disability Discrimination</u>**

15.     By decisions, actions, and/or omissions as outlined herein above at paragraph numbers 7 through 14, defendant through his subordinates, discriminated against plaintiff on account of her race (non-African American) and/or her  national origin (Hispanic / Peruvian American) and/or based on her disabilities.

16.      As a consequence of the aforementioned unlawful discrimination in employment practices at DOJ, plaintiff has suffered and continues to suffer loss of pay and benefits of employment (including increased retirement benefits), career damage, damage to her reputation and professional standing, personal and professional humiliation and embarrassment, emotional pain and suffering, and a denial of enjoyment of life.

**Claim II - <u>Retaliation</u>**

17.     By decisions, actions, and/or omissions as outlined herein above at paragraph numbers 7 through 14, defendant through his subordinates retaliated against plaintiff because of her prior and ongoing EEO activity.

18.     As a result of the aforementioned unlawful retaliation for engaging in protected activity by her managers at DOJ, plaintiff has suffered and continues to suffer loss of pay and other employment benefits, career damage, damage to her reputation and professional standing, personal and professional humiliation and embarrassment, emotional pain and suffering, and a denial of enjoyment of life.

-11-

**Claim III - <u>Mixed Case Appeal</u>**

19.     The record before DOJ (the Agency) shows that defendant's action effective March 25, 2020, terminating plaintiff from her position and from the federal service, was not based on a fair and reasonable view of her performance and was a result of both retaliation for her past complaints of unlawful discrimination and additional discrimination based on her race, national origin and/or disability.

20.     As such, defendant's action in terminating plaintiff on performance grounds was arbitrary, capricious, contrary to governing law and regulation, and not supported by substantial evidence.  Accordingly, it cannot be permitted to stand.

<u>Prayer for Relief</u>

WHEREFORE, plaintiff prays that this Court enter judgment in her favor and against defendant on all her claims, and provide her with the following relief:

a.      award plaintiff compensatory damages against defendant in the amount of $300,000, plus interest thereon for each violation of her rights;

b.      order defendant to restore plaintiff to full duty status retroactive to March 25, 2020, and to provide her with any and all back pay and benefits (including all statutory pay increases);

c.      void *ab initio* all suspensions and other disciplinary actions, taken or proposed, against plaintiff by JMD management since 2018, including all unsatisfactory performance appraisals and any and all issued PIPs ;

d.      order defendant to, upon plaintiff's restoration to duty status, reassign her to a GS-13 position (at an appropriate step) in an area in which she is experienced within DOJ

in the Washington, D.C., commuting area, but outside the supervisory chain of Darlene Johnson, Nadine Neufville, and Katharine Sullivan;

e.     provide plaintiff with fully satisfactory annual performance ratings for all performance periods since 2018, with commensurate pay and step increases;

f.     order defendant to correct all records, including plaintiff's official personnel folder to accord with and document the relief awarded by the Court;

g.     enjoin defendant and DOJ (and JMD) management from discriminating and/or retaliating against plaintiff in the future;

h.     award plaintiff the costs of bringing and maintaining this civil action and the administrative claims that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k); and

i.     award plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and measure of damages.

Respectfully submitted,

_____/S/_____

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel. (202) 842-0300
Fax  (202) 842-1418
Email - dhshapiro@swickandshapiro.com

Attorney for Plaintiff

-13-